IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>*v.*<br><br>TERRY PEACE | Criminal Action No.<br><br>4:14-CR-11-HLM-WEJ |

**The United States' Response to Defendant Peace's Preliminary Motion for Production of Name and Location of Confidential Informant**

The United States of America, by Sally Quillian Yates, United States Attorney, and Ryan K. Buchanan and Tracia M. King, Assistant United States Attorneys for the Northern District of Georgia, files this Response to Defendant Peace's Preliminary Motion for Production of Name and Location of Confidential Informant and states as follows:

1.  Defendant Peace, along with two co-defendants, has been charged in a one-count Indictment which alleges a conspiracy to receive and possess unregistered destructive devices in violation of Title 18, United States Code, Section 371 and Title 26, United States Code, Sections 5861(d) and 5871.  (Doc. 27).

2.  On April 18, 2014, Defendant Peace filed a motion seeking an order of the Court requiring the Government to disclose the names and location of confidential informants in this case. (Doc. 47).

3.  The Government hereby seeks an Order denying Defendant Peace's motion based on established controlling precedent, as more fully outlined below.

4.  Defendant's motion correctly notes that when the Government seeks to protect the identity of a confidential informant ("CI"), the controlling authority is the Supreme Court's decision in Roviaro v. United States, 353 U.S. 53, 59-61 (1957), which established that the Government has the privilege, albeit limited, to withhold from disclosure the identity of confidential informants.  "The Roviaro Court stated that in determining when the government's privilege must give way to a defendant's right to prepare his defense, a court must engage in a balancing test, taking into account the particular circumstances of each case, the crime charged, possible defenses, and the potential significance of the informant's testimony."  United States v. Gutierrez, 931 F.2d 1482, 1490 (11th Cir. 1991) (citing Roviaro, 353 U.S. at 62).  If disclosure is "relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way."  Id.  The Courts have fashioned a three-pronged inquiry in applying this balancing test: (1) "the extent of the informant's participation in the criminal activity; (2) the directness of the relationship between the defendant's asserted defense and the probable testimony of the informant; and, (3) the government's interest in nondisclosure."  United States v. Tenorio Angel, 756 F.2d 1505, 1509 (11th Cir. 1985).

5.  First, the Government acknowledges that the CI was involved in the criminal activity on February 15, 2014.  However, the criminal conspiracy charged in the Indictment, including over a dozen overt acts, began long before the "single transaction" noted in Defendant Peace's motion.  Defendants Peace, Williamson and Cannon participated in online chat discussions during which they chatted

about carrying out an operation against the government as early as January 2014. (Doc. 1). During one such chat on January 23, 2014, Defendant Peace "encouraged members of the militia to review guerilla warfare tactics, small unit tactics, accumulate supplies, and prepare family." (Id.) Defendant Peace noted that "guerilla warfare primary targets included TSA, DHS, non-emergency FEMA, road blocks, etc." (Id.) Defendant Peace also agreed to travel from Georgia to Tennessee to meet the CI. On February 5, 2014, Defendant Peace travelled with Defendants Cannon and Williamson from Georgia to Tennessee to meet with the CI. A day later, and again on February 7, 2014, Defendant Williamson discussed explosives with the CI . On February 8, 2014, Defendant Peace placed an order for destructive devices in an FBI-monitored telephone call with the CI. (Id.) Finally, on February 15, Defendants Peace, Cannon and Williamson traveled to a designated place to receive the items Defendant Peace requested. (Id.) Thus, although the CI was involved in the criminal activity charged in the Indictment, the CI was not involved in all aspects of the criminal activity charged in this case. Therefore, Roviaro does not require disclosure.

6. Second, under Roviaro and its progeny, a defendant "must show that the informant's testimony would significantly aid in establishing an asserted defense." United States v. Kerris, 748 F.2d 610, 614 (11th Cir. 1984)(emphasis added). "The burden is on the [Defendant] to show that the informant's testimony would significantly aid in establishing an asserted defense." Gutierrez, 931 F.2d at 1491. And, "[m]ere conjecture about the possible relevance of [the CI's] testimony is insufficient to compel disclosure." Id. In his motion,

Defendant fails to demonstrate that the CI's testimony would significantly aid in establishing an asserted defense. In fact, Defendant Peace fails to assert any defense. (See Doc. 47). Rather, Defendant seeks wholesale disclosure of the confidential informant used during the course of this investigation without offering any discussion of the relationship between the CI's identity and contact information, the CI's probable testimony and the Defendant's defenses. Indeed, Defendant's motion is void of a showing of the significance of the CI's probable testimony. Absent some specific showing as to the significance of the informant's testimony, the Defendant has not met his burden under <u>Roviaro</u> and its progeny, and the motion should be denied.

7. Further, if Defendant fails to articulate a defense that could be aided by the informant's testimony, the "trial court is not required to conduct an in camera hearing, compel the Government to disclose the identity of an informant, or permit access to the informant." <u>United States v. Leiva-Portillo</u>, No. 1:06-CR-350-WSD, 2007 WL 1706351, at *5 (N.D. Ga. June 12, 2007) (citing <u>United States v. Kerris</u>, 748 F.2d 610, 614 (11th Cir. 1984)).

8. Perhaps more importantly, the <u>Roviaro</u> test applies only in situations in which the Government seeks to maintain the privilege against disclosing an informant's identity through and including the trial of a case. <u>United States v. Casseus</u>, 282 F.3d 253, 257 (3rd Cir. 2002) (noting that <u>Roviaro</u> "address[es] the duty of the prosecution to disclose the identity of confidential informants who will not testify"); <u>United States v. Glover</u>, 583 F. Supp. 2d 5, 8 (D.D.C. 2008); <u>United States v. Ivory</u>, 2009 WL 398122 at *4 (E.D. Wis. 2009) (<u>Roviaro</u> does not require

disclosure of a confidential informant if the informant will be a witness for the government at trial.) In the present case, the Government intends to call its confidential informant(s) as a witness during the trial of this case. As such, the Government will not be seeking to maintain the privilege against disclosing the identity of the informant(s) and will disclose the identity of the informant(s), as well as any information related to the informant(s), such as Jencks and <u>Giglio</u> material, prior to trial. Defendant is not entitled to early disclosure of any witness' name, location, <u>Giglio</u>, or Jencks Act material, whether those witnesses may have been identified as "confidential informants" or not. <u>See</u> <u>United States v. Johnson</u>, 713 F.2d 654, 659 (11th Cir. 1983) (defendant has no right to a list of government witnesses in advance of trial).

Third, "[b]ecause the [defendant] ha[s] failed to establish the importance of the informant's testimony, [the Court] need not consider the strength of the government's interest in preserving the confidentiality of the informant." <u>Kerris</u>, 748 F.2d at 614; <u>accord</u> <u>United States v. Giraldo</u>, No. 07-15834, 2008 WL 4792390, at *3 (11th Cir. Nov. 5, 2008) (unpublished). Even if the Court were to consider this factor, it weighs against disclosure. "The government may establish such an interest by showing that disclosure could endanger the informant or other investigations." <u>Gutierrez</u>, 931 F.2d at 1491. Both concerns are present in this case. The CI continues to provide information to law enforcement officials in other investigations. Those investigations could be compromised by disclosure of the CI's identity, location and contact information, and disclosure could also endanger the informant in the continuing investigations.

10.     Finally, to the extent that Defendant seeks disclosure for purposes of a

suppression hearing (as opposed to for trial), his request is without merit.  The

Supreme Court has made clear that the defendant has a lesser claim to disclosure

when he or she seeks it for purposes of a preliminary hearing to determine

probable cause for an arrest or search.  McCray v. Illinois, 386 U.S. 300, 309-12

(1967); see United States v. Raddatz, 447 U.S. 667, 679 (1980) (citing McCray and

noting that due process "has never been held to require the disclosure of an

informant's identity at a suppression hearing"); United States v. Jackson, 108

F.3d 333, 1997 WL 73735, at *2 (5th Cir. 1997) (unpublished) (noting that in

McCray "the Supreme Court recognized that an informant's identity need not be

disclosed at a preliminary hearing on probable cause").  Roviaro considered the

informer's privilege in the context of a trial, "where the issue was the

fundamental one of innocence or guilt," and decided that, even in that

heightened situation, there was no "absolute rule requiring disclosure."  McCray,

386 U.S. at 309,  311.  Furthermore, disclosure is not required "where the issue is

the preliminary one of probable cause, and guilt or innocence is not at stake."  Id.

at 311.  Thus, Defendant is not entitled to disclosure of the CI's identity for

purposes of any possible suppression hearing.

## Conclusion

For these reasons, the Government respectfully requests that the Court issue and Order denying Defendant Peace's Preliminary Motion for Production of Name and Location of Confidential Informant

Respectfully submitted,

SALLY QUILLIAN YATES
*United States Attorney*


/s/RYAN K. BUCHANAN
*Assistant United States Attorney*
Georgia Bar No. 623388
Ryan.Buchanan@usdoj.gov


/s/TRACIA M. KING
*Assistant United States Attorney*
Georgia Bar No. 421380
Tracia.King@usdoj.gov

600 U.S. Courthouse   75 Spring Street SW   Atlanta, GA 30303
(404) 581-6000   fax (404) 581-6181

**Certificate of Service**

I served this document today by filing it using the Court's CM/ECF system, which automatically notifies the parties and counsel of record.

W. Matthew Dodge, Esq.
The Federal Defender Program, Inc.
101 Marietta Street, N.W.
Atlanta, Georgia 30303

May 9, 2014

/s/ RYAN K. BUCHANAN

RYAN K. BUCHANAN

*Assistant United States Attorney*