FILED IN CHAMBERS
U.S.D.C. Atlanta

DEC 2 3 2014

JAMES N. HATTEN, Clerk
By: ︎︎︎ Deputy Clerk

ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>TERRY EUGENE PEACE,<br>BRIAN EDWARD CANNON<br>AND CORY ROBERT WILLIAMSON | Superseding Criminal Indictment<br><br>No. 4:14-CR-011-HLM-WEJ |

THE GRAND JURY CHARGES THAT:

### COUNT ONE

(Conspiracy to Receive and to Possess Unregistered Destructive Devices)

Beginning on or about January 1, 2014, and continuing to on or about February 15, 2014, in the Northern District of Georgia and elsewhere, the defendants, TERRY EUGENE PEACE, BRIAN EDWARD CANNON and CORY ROBERT WILLIAMSON, did combine, conspire, confederate, agree and have a tacit understanding with each other, and others known and unknown to the Grand Jury, to knowingly receive and possess a firearm, specifically, destructive devices not registered to them in the National Firearms Registration and Transfer Record, in violation of Title 26, United States Code, Sections 5861 (d) and 5871.

### Background

It is relevant to the Conspiracy that:

a. Throughout the time period alleged in the Indictment, defendants PEACE, CANNON and WILLIAMSON, who were members of a militia, engaged

   in online communications with members of other militias about participating in an operation that would attack government facilities, including law enforcement agencies.

b. During this time period, the defendants attempted to recruit other individuals to join them and to agree to carry out similar operations in those individuals' home states.

c. To facilitate these efforts, the defendants utilized various online chat forums and telephones to communicate about their operation.

d. During the time period alleged in the Indictment, the defendants sought to obtain destructive devices, specifically pipe bombs, in furtherance of their plan to attack government facilities and law enforcement agencies.

e. During the time period alleged in the Indictment, defendants PEACE, CANNON and WILLIAMSON were not registered in the National Firearm Registration and Transfer Record to possess any destructive device.

## Overt Acts

In furtherance of the conspiracy, and to accomplish the objects thereof, defendants PEACE, CANNON and WILLIAMSON, and others known and unknown to the Grand Jury, committed and caused to be committed as least one of the following overt acts, among others, in the Northern District of Georgia and elsewhere:

a. On or about January 23, 2014, defendant PEACE engaged in an online conversation during which defendant PEACE spoke about a mission that would be launched in February against the government. Defendant PEACE encouraged members of the militia to review guerilla warfare

tactics, small unit tactics, accumulate supplies, and prepare family. Defendant PEACE advised that "guerilla warfare primary targets included TSA, DHS, non-emergency FEMA, road blocks, etc."

b. On or about January 23, 2014, defendant PEACE agreed to meet in person an individual known to the Grand Jury, hereinafter referred to as PERSON A, in order to discuss defendant PEACE's plan. Defendants PEACE, CANNON and WILLIAMSON came to the attention of law enforcement after PERSON A grew concerned about defendant PEACE's plans and contacted law enforcement.

c. On or about January 30, 2014, PEACE engaged in an online chat during which PEACE stated that between February 1, 2014, and February 15, 2014, they would start an "active revolution against the government."

d. On or about February 1, 2014, PEACE engaged in an online chat during which PEACE instructed others to choose targets, to include "road blocks, TSA checkpoints (VIPR), Sheriffs/Police conducting operations outside the Constitution, Removal of government people who support extra Constitutional activities." Peace further stated during this chat that they would attack the infrastructure that supports those agencies.

e. On or about February 5, 2014, defendants PEACE, CANNON and WILLIAMSON travelled from Rome, Georgia to Tennessee for a meeting with PERSON A.

f. On or about February 6, 2014, defendant WILLIAMSON engaged in a consensually recorded online conversation with PERSON A, during which defendant WILLIAMSON spoke about items defendant WILLIAMSON

desired for an "event." In response to a question about whether defendant WILLIAMSON's group had "demolition," defendant WILLIAMSON replied that he would ask defendants PEACE and CANNON whether they already had these items unless PERSON A was offering to share resources.

g. On or about February 7, 2014, defendant WILLIAMSON engaged in a consensually recorded online conversation with PERSON A regarding PERSON A's access to an individual who could help defendants PEACE, CANNON and WILLIAMSON acquire explosives. Defendant WILLIAMSON advised PERSON A to speak to defendant PEACE.

h. On or about February 7, 2014, defendant PEACE engaged in a consensually recorded online conversation with PERSON A during which defendant PEACE acknowledged that defendant PEACE had received the message from defendant WILLIAMSON. Defendant PEACE also inquired about how defendant PEACE should communicate with PERSON A about this matter.

i. On or about February 8, 2014, defendant PEACE told PERSON A via a consensually recorded telephone conversation that defendant PEACE wanted thermite devices that could go through "the engine block of an MRAP."

j. On or about February 8, 2014, during the same conversation described in Paragraph g, defendant PEACE also requested twelve (12) pipe bombs. Defendant PEACE additionally added that defendant PEACE wanted the pipe bombs constructed for "maximum fragmentation."

k. On or about February 8, 2014, defendant CANNON participated in a telephone conversation during which defendant CANNON stated that the group planned to "start the fight" with the government by sabotaging power grids, transfer stations and water treatment facilities. Defendant CANNON stated that if the sabotage was successful, then martial law would be declared which would trigger other militias to join the fight.

l. On or about February 8, 2014, PEACE and WILLIAMSON participated in an online chat during which WILLIAMSON stated that disrupting the infrastructure will affect both citizens and the government, but that this was war. PEACE, in the same conversation, stated that due to their limited choices in getting others to show interest, the only safe targets that would not cause unnecessary casualties would be infrastructure targets that disrupt governments.

m. On or about February 9, 2014, defendant CANNON received a consensually recorded telephone call from PERSON A who advised defendant CANNON that PERSON A had information for defendant PEACE, to which defendant CANNON replied that defendant PEACE would be "elated."

n. During the telephone call referenced in Paragraph m, PERSON A advised defendant PEACE that PERSON A's contact could supply the number of pipe bombs requested, but only two thermite devices could be provided. Defendant PEACE responded that it was acceptable that only two of the three thermite devices defendant PEACE had requested were available.

o. On or about February 9, 2014, defendant PEACE also engaged in a recorded online conversation during which PERSON A apologized again for not being able to get defendant PEACE the desired number of thermite devices. Defendant PEACE replied, "No problem[,] two will be fine. We want the first to be pretty!"

p. On or about February 10, 2014, WILLIAMSON engaged in a recorded online chat during which PERSON A asked whether PEACE, CANNON and WILLIAMSON were ready for the "kickoff." WILLIAMSON stated that WILLIAMSON was ready, but that they needed to wait because PERSON A's role was vital to their plans.

q. On or about February 13, 2014, defendant PEACE engaged in a consensually recorded telephone conversation during which PERSON A advised that PERSON A was about to travel to deliver the pipe bombs and thermite devices, and asked defendant PEACE whether he still wanted them. Defendant PEACE replied, "Most assuredly, they are a key element" of the plan.

r. On or about February 15, 2014, defendant CANNON spoke to PERSON A about meeting at a particular location in Bartow County on that date for PERSON A to deliver the pipe bombs and thermite devices to defendants PEACE, CANNON and WILLIAMSON.

s. On or about February 15, 2014, defendant CANNON drove himself, defendant PEACE and defendant WILLIAMSON to the specified location to take possession of the pipe bombs and the thermite devices from PERSON A.

t. On or about February 15, 2014, in the presence of defendants CANNON and WILLIAMSON, defendant PEACE received and reviewed instructions for the operation of the thermite devices.

u. On or about February 15, 2014, defendants PEACE, CANNON and WILLIAMSON received two (2) inert thermite devices from PERSON A. PERSON A also possessed and was prepared to deliver at that time twelve (12) pipe bombs that had also been requested by defendant PEACE, but had been made inert.

All in violation of Title 18, United States Code, Section 371.

## COUNT TWO

Beginning on or about January 1, 2014, and continuing to on or about February 15, 2014, in the Northern District of Georgia and elsewhere, the defendants, BRIAN EDWARD CANNON, TERRY EUGENE PEACE and CORY ROBERT WILLIAMSON, did knowingly and without lawful authority conspire to use a weapon of mass destruction, namely pipe bombs, which are destructive devices as defined by Title 18, United States Code, Section 921, against a person and property within the United States, that is, the infrastructure supporting the Department of Homeland Security, the Federal Emergency Management Administration, and the Transportation Security Administration, and in furtherance of said offense did use a facility of interstate and foreign commerce,

that is cellular telephones and the internet, in violation of Title 18, United States Code, Section 2332a(a)(2)(A).

A ___TRUE___ BILL

_____
FOREPERSON

SALLY QUILLIAN YATES
*United States Attorney*

_____
TRACIA M. KING
*Assistant United States Attorney*
Georgia Bar No. 421380

_____
RYAN K. BUCHANAN
*Assistant United States Attorney*
Georgia Bar No. 623388

600 U.S. Courthouse
75 Spring Street, S.W.
Atlanta, GA 30303
404-581-6000; Fax: 404-581-6181